his or her injuries. *See Hornsby v. Southland Corp.*, 487 A.2d 1069, 1072 (R.I.1985). We believe this provision is dispositive of plaintiffs' claim. In the instant case the defendants were the directors, officers, agents and employees of the employer and, as such, have been given immunity from liability by the Legislature via § 28–29–20. Thus, the exclusive remedy is workers' compensation benefits. We find plaintiffs' theory of liability premised upon the doctrine of dual liability to be without merit. Accordingly, we are of the opinion that the Superior Court motion justice properly granted defendants' motion for summary judgment.

For the foregoing reasons, the plaintiffs' appeal is denied and dismissed and the judgment appealed from is affirmed.

The plaintiff appeals from a summary judgment entered in the Superior Court in favor of the defendant title company. Although the defendant company had issued a policy of title insurance to the plaintiff, and although evidence of a judgment lien was introduced in the case, there was no evidence of actual monetary loss. Moreover, the plaintiff violated the conditions of his policy by failing to file with the insurance company a sworn proof of loss. Even the amount of the judgment lien was undisclosed.

In addition, the plaintiff furnished no competent evidence that he had paid the seller of the property the amount of the purchase price as opposed to giving the seller a mortgage deed for the full amount of the sale price.

Consequently, the appeal of the plaintiff is denied and dismissed. The summary judgment entered in the Superior Court is affirmed.

Anthony SALVATORE Sr.

v.

MORTGAGE GUARANTEE
& TITLE COMPANY.

No. 94–577–Appeal.

Supreme Court of Rhode Island.

Sept. 15, 1995.

John Harwood, Pawtucket.

Michael T. Sullivan, Warwick.

ORDER

This case came before the court for oral argument on September 12, 1995 pursuant to an order that directed the plaintiff to appear in order to show cause why this appeal should not be summarily denied and dismissed. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the appeal should be denied and dismissed.

WHALE ROCK REALTORS

v.

Robert PALMISCIANO.

No. 93–586–Appeal.

Supreme Court of Rhode Island.

Sept. 15, 1995.

Patrick J. Quinlan, Providence.

Pro se.

ORDER

This case came before the court for oral argument on September 12, 1995 pursuant to an order that had directed the defendant to appear and show cause why his appeal should not be summarily decided. At oral argument the defendant appeared pro se and the plaintiff was represented by counsel.